[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Brian Forschbach appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. The adjudication stemmed from an earlier trial in which Forschbach had pleaded guilty to multiple counts of rape and a single count of felonious sexual penetration involving his minor stepdaughters. In late 1995, Forschbach was sentenced to a lengthy period of incarceration.
Following a May 2, 2000, hearing, the trial court found that Forschbach was a sexual predator. See R.C. 2950.09(C). Raising a single assignment of error, Forschbach now contests the sufficiency of the evidence presented at the hearing. He claims that the state "presented no evidence whatsoever as to why Forschbach should be labeled a Sexual Predator."
At the hearing, held before the same judge who had accepted his plea and entered sentence, the state offered into evidence the presentence investigation and the victim-impact statement. Forschbach took the stand and accepted responsibility for his actions. On the basis of his completion of three prison programs for sexual offenders, he claimed that he was rehabilitated. See State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported. His wife, the mother of the two victims, eloquently testified on behalf of Forschbach.
After reviewing the record in its entirety, including the evidence of the multiple sexual offenses committed upon the two minor victims, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief or cconviction that Forschbach was likely to commit another sexual offense. Consequently, the court could have properly found by clear and convincing evidence that Forschbach is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption ofHolcomb (1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613, 620. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.